RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 1/10/11
BY_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TAURUS GREGORY (#415850) | DOCKET NO. 10-CV-1309; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| CORRECTIONS CORPORATION OF AMERICA, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION
### TO DISMISS TWO OF FOUR DEFENDANTS

Before the Court is the civil rights complaint (42 U.S.C. §1983) of Taurus Gregory, filed pro se and *in forma pauperis*. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at David Wade Correctional Center in Homer, Louisiana. However, he alleges that he was subjected to excessive force by Officer J. Tatum and Officer M. Maxwell while incarcerated at Winn Correctional Center (WNC). Plaintiff names the two officers as defendants as well as Corrections Corporation of America and Tim Wilkinson. He is seeking compensatory damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Background*

Plaintiff alleges that on November 2, 2009, he was escorted to Disciplinary Board court by Officers Tatum and Maxwell. When the Plaintiff was brought back to his cell, he was told by Tatum and Maxwell to get on his knees inside his cell and to face the wall.

Plaintiff alleges that he complied with the orders, all while his hands were cuffed behind his back and his legs were shackled at the ankles. Officer Tatum stood blocking the view of the security camera while Officer Maxwell struck Plaintiff in the face with a closed fist, resulting in "a permanent dent to Plaintiff's right temporal lobe." [Doc. #1] After the assault, Maxwell removed the shackles from Plaintiff's ankles, but advised Plaintiff to remain on his knees until the officers left the cell and closed the door. Plaintiff complied. Once the door was closed, Plaintiff was ordered to approach the bars to be uncuffed.

Plaintiff was examined by Nurse Smith, who documented her findings of a 3/4 inch hematoma at the right temporal lobe.

Plaintiff was issued two Rule Violation Reports by Officer Maxwell claiming that Plaintiff violated Rule #3 - Defiance. **Plaintiff alleges that the disciplinary charges brought against him were dismissed by the disciplinary board following their review of video surveillance.**

Because Plaintiff named Warden Wilkinson and CCA as defendants, but presented no factual allegations against them, he was ordered to amend his complaint to allege personal involvement or the implementation of unconstitutional policies that causally resulted in his injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied,* 508 U.S. 951 (1993). Plaintiff amended his complaint to allege that his attack

was due to the warden's failure to properly train and supervise his staff.

## Law and Analysis

"Vicarious liability does not apply to §1983 claims." Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir. 1994), cert. denied, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983), cert. denied, 464 U.S. 897 (1983). Similarly, CCA cannot be held liable under §1983 for its employees' deprivations of others' civil rights. See Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999); Street v. Corrections Corporation of America, 102 F.3d 810, 817-18 (6th Cir. 1996)(CCA cannot be held liable under §1983 on respondeat superior or vicarious liability basis). Rather, a private corporation is liable under §1983 only when an official policy or custom of the corporation causes or is the "moving force of the constitutional violation." The compliant is devoid of any allegations that an official policy or custom of CCA was the "moving force" behind its employees' alleged deprivation of Plaintiff's civil rights.

To state a constitutional claim for liability based on a failure to train, Plaintiff has to allege that (1) Wilkinson failed to supervise or train his subordinate officials; (2) a causal link exists between the failure to train or supervise and the violation

3

of Plaintiff's rights; and (3) the failure to train or supervise amounted to deliberate indifference. See Estate of Davis ex rel. McCully v. City of North Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005). Plaintiff has not presented any allegations indicating that Wilkinson or CCA personally failed to train, supervise, or discipline Officers Tatum and Maxwell. He does not claim that Wilkinson trained the officers at the Academy, or implemented, endorsed, advocated, or was even aware of his officers' use of force. See e.g., Winston v. City of Shreveport, 390 Fed.Appx. 370 (5th Cir. 2010)(unpublished). Likewise, Plaintiff does not allege that there had been a pattern of abuse by these officers or that Wilkinson or CCA were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed. Plaintiff has made only a conclusory allegation regarding Wilkinson, which does not sufficient to state a claim for relief. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995).

*Conclusion*

**FOR THE FOREGOING REASONS, IT IS RECOMMENDED** that the claims against **ONLY Defendants Wilkinson and CCA** be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted. Service of process has been ordered on the other defendants.

**Under the provisions of Title 28, Section 636(b)(1)(c) of the United States Code and Federal Rule of Civil Procedure 72(b),**

4

parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of January, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE