RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2-24-10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

TAURUS GREGORY

VERSUS

CORRECTIONS CORPORATION
OF AMERICA, ET AL.

DOCKET NO. 10-cv-1309; SEC. P

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

MEMORANDUM ORDER

Before the court is a motion filed on February 17, 2012, by plaintiff, Taurus Gregory (Gregory), in which he asks the court to order David Wade Correctional Center to improve its law library. In the motion, Gregory asserts that the law library is insufficient because the legal research books, self help litigation manuals, brief studies, southern poverty law and sufficient inmate counsel are lacking. Gregory claims inmate counselors are only making rounds once a week, legal books are not located in the compound in which he is housed and legal writing materials such as long and short typing paper, envelopes and pens are not provided.

It is well settled that prisoners have a constitutionally protected right of access to the courts. Brewer v. Wilkinson, 3 F.3d 816, 920-21 (5th Cir. 1993), cert. den., 510 U.S. 1123 (1994), and cases cited therein. However, to make out a claim that his constitutional right of access to the courts has been violated, a plaintiff must demonstrate that his position as a litigant was prejudiced by his denial of access to the courts. Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996). No such showing is made in this case as the motion lacks a single allegation regarding

inability to pursue this or any other legal claim, much less that an injury arose from that denial.

Gregory's focus is on the alleged inadequacy of the law library and inmate counsel. However, an abstract, freestanding right to a law library or legal assistance does not exist and a relevant actual injury cannot be shown by simply establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. The inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. Bounds v. Smith, 430 U.S. 817, 828 (1977); Brewer, 3 F.3d at 820-21; Lewis v. Casey, 518 U.S. 343, 351 (1996); Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999).

Accordingly,

IT IS HEREBY ORDERED that the motion (Doc. 105) is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana on this 23rd day of February, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE